Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JR PROPERTIES, INC.<br><br>Apelada<br><br>v.<br><br>JAIT MÉNDEZ Y OTROS<br><br>Apelantes | KLAN202400845 | Apelación procedente del Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo<br><br>Caso Núm.: CB2024CV00015<br><br>Sobre: Desahucio en precario |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2025.

Comparece el señor Jait Méndez (en adelante, Sr. Méndez) mediante el presente recurso de *Apelación* y solicita que revoquemos la *Sentencia* emitida el 2 de julio de 2024, y notificada el 12 de julio de 2024, por el Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo (en adelante, TPI). En la referida *Sentencia*, el TPI acogió la *Moción de Sentencia Sumaria* radicada por la parte apelada, JR Properties Inc., (en adelante, JR Properties) y, en su consecuencia, ordenó el desahucio y lanzamiento del Sr. Méndez de la propiedad de JR Properties. En el dictamen, además, el TPI declaró *No Ha Lugar* la *Reconvención* sobre daños y perjuicios presentada por el Sr. Méndez.

Oportunamente, JR Properties presentó su *Alegato de la parte apelada*.

Examinados los escritos de las partes litigantes, a la luz del derecho aplicable y por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

**I.**

El 11 de enero de 2024, JR Properties, representada por el señor Jamar Ramírez Pagán[1], presentó una *Demanda* sobre desahucio en precario por falta de pago y cobro de dinero en contra del Sr. Méndez. En síntesis, alegó que es dueña de una propiedad sita en el término municipal de Cabo Rojo, Puerto Rico[2], y que el Sr. Méndez ocupa parte del predio sin tener derecho a ello. JR Properties explicó que el Sr. Méndez tenía un contrato de subarrendamiento verbal con un arrendatario anterior para operar un negocio de lavado de autos en determinada área de la finca y pagaba cuatrocientos dólares ($400.00) mensuales en concepto de canon de arrendamiento. JR Properties adujo que el Sr. Méndez adeudaba los cánones de arrendamiento desde junio de 2023. Puntualizó que no tenía una relación contractual con el Sr. Méndez. En virtud de ello, solicitó que se ordenase al Sr. Méndez desalojar la propiedad ocupada y pagar los cánones de arrendamiento reclamados, honorarios de abogado, costas y gastos del pleito.[3]

El 6 de febrero de 2024, el Sr. Méndez radicó la *Contestación a la Demanda,* en la que también incluyó una reconvención. Alegó que tenía derecho a ocupar el inmueble porque no adeudaba canon de arrendamiento alguno. Según esbozó, el último pago que efectuó cubría hasta el 15 de diciembre de 2023, y el próximo canon vencía en enero de 2024, mes en que se presentó la demanda de este caso. En su reconvención, el Sr. Méndez indicó que JR Properties, de manera ilegal, le había impedido la entrada a su negocio y retenido el equipo y materiales. Así que, solicitó una indemnización por las pérdidas económicas sufridas por el cierre de su negocio.[4]

---

[1] Mediante resolución corporativa de 9 de enero de 2024. *Véase,* expediente electrónico del caso CB2024CV00015 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada núm. 1, Anejo 1.

[2] Según consta en la Escritura Número 1 sobre Segregación, Agrupación y Compraventa, otorgada el 2 de febrero de 2015, ante la notario público Evelyn Jannet García López, en Mayagüez, Puerto Rico. *Íd.,* Entrada núm. 1, Anejo 2.

[3] *Demanda,* Apéndice el recurso, págs. 33-36.

[4] *Contestación a la Demanda, íd.,* págs. 42-45.

Mediante Resolución emitida el 28 de febrero de 2024, y notificada el 1 de marzo de 2024, el TPI autorizó la enmienda a la demanda solicitada por JR Properties, a los efectos de circunscribir la reclamación solamente a la acción de desahucio.[5] El Sr. Méndez contestó la demanda enmendada reiterando sus respuestas originales y reprodujo su reconvención.[6]

JR Properties presentó su *Contestación a Reconvención* el 22 de marzo de 2024. Reiteró que no existía una relación contractual entre las partes y que, cualquier pago por concepto de arrendamiento que el Sr. Méndez hubiese realizado, si alguno, fue a un tercero ajeno al proceso judicial. A su vez, JR Properties alegó que removió del predio el quipo y materiales del Sr. Méndez en virtud de la orden provisional *ex parte* emitida el 2 de febrero de 2024 por el TPI, Sala Municipal de Cabo Rojo, en el caso Q2024-30, al amparo de la Ley Núm. 140 de 23 de julio de 1974, *Ley sobre Controversias y Estados Provisionales de Derecho.*[7] De tal forma, JR Properties solicitó que se declarara sin lugar la reconvención.[8]

También, el 22 de marzo de 2024, JR Properties presentó *Moción notificando interrogatorio escrito, producción de documentos y requerimiento de admisiones*, cuyo título explica su propósito.[9]

Posteriormente, ante la solicitud del Sr. Méndez, el TPI convirtió el procedimiento sumario a uno ordinario.[10]

Luego, el 22 de abril de 2024, el Sr. Méndez radicó *Moción solicitando prórroga para contestar interrogatorio.*[11] En su moción, **el Sr. Méndez no solicitó prórroga para contestar el requerimiento de admisiones.**

---

[5] Véase, expediente electrónico del caso CB2024CV00015 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada núm. 40.

[6] *Contestación a la demanda enmendada*, Apéndice del recurso, págs. 62-65.

[7] El 29 de abril de 2024, el TPI, Sala Municipal de Cabo Rojo, emitió *Resolución* mediante la cual archivó la querella del caso Q2024-30. Apéndice del recurso, págs. 53-56.

[8] *Contestación a Reconvención, íd.,* págs. 66-68.

[9] *Íd.,* pág. 69.

[10] *Minuta* de la vista de estatus llevada a cabo el 11 de abril de 2024. *Íd.,* págs. 50-51.

[11] *Íd.,* pág. 70.

El 23 de abril de 2024, notificada el 26 de abril de 2024, el foro primario emitió una *Resolución* concediendo una prórroga de treinta (30) días al Sr. Méndez para contestar el interrogatorio.[12]

Así las cosas, el 6 de junio de 2024, JR Properties incoó ante el TPI una *Moción de Sentencia Sumaria.*[13] Fundamentó su solicitud en que el demandado no contestó el requerimiento de admisiones cursado, por lo cual, acorde con lo dispuesto en la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, éste debía darse por admitido. Así, arguyó que, según las admisiones[14] del Sr. Méndez, no existía controversia sobre el hecho de que JR Properties es dueño en pleno dominio de la finca y que no existía un contrato de arrendamiento, escrito o verbal, entre las partes. Añadió que tampoco estaba en controversia que el Sr. Méndez no había efectuado pago alguno a JR Properties por concepto de canon de arrendamiento y que el canon presuntamente pagado por el Sr. Méndez fue hecho a un tercero ajeno al pleito.[15] Por lo anterior, JR Properties indicó que el Sr. Méndez ocupaba de manera ilegal el espacio dentro del inmueble de su propiedad, por lo que procedía que se dictara sentencia a su favor ordenando el desalojo del Sr. Méndez.[16]

---

[12] *Íd.*, pág. 71.
[13] *Íd.*, págs. 72-82.
[14] Las admisiones a darse por admitidas fueron las siguientes: (1) admita que entre la parte demandante y la parte demandada no hay contrato de arrendamiento suscrito; (2) admita que entre la parte demandante y la parte demandada no hay contrato de arrendamiento verbal; (3) admita que el demandado reconvencionista Jait Méndez no ha efectuado pago, por concepto de pago de arrendamiento, a la parte demandante; (4) admita que el demandado reconvencionista Jait Méndez fue notificado de la Orden emitida por el Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo en el caso Q2024-30; (5) admita que el canon de arrendamiento que alegadamente pagó el demandado reconvencionista Jait Méndez haciendo negocios como Don Jay's Car Wash, relacionado en el inciso 2 de la Reconvención, fue a un tercero que no es parte en la demanda y reconvención de epígrafe. *Íd.,* pág. 79.
[15] Específicamente, JR Properties propuso los siguientes hechos incontrovertidos: (1) La parte demandante es una Corporación organizada de conformidad con las leyes de Puerto Rico; (2) La parte demandante es dueña de una propiedad de terreno en el Barrio Guanajibo del término municipal de Cabo Rojo, Puerto Rico, con una cabida de 2,298.321 metros cuadrados; (3) Entre la parte demandante y la parte demandada no hay contrato de arrendamiento suscrito; (4) Entre la parte demandante y la parte demandada no hay contrato de arrendamiento verbal; (5) el demandado reconvencionista Jait Méndez no ha efectuado pago, por concepto de pago de arrendamiento, a la parte demandante; (6) El demandado reconvencionista Jait Méndez fue notificado de la Orden emitida por el Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo en el caso Q2024-30; (7) el canon de arrendamiento que alegadamente pagó el demandado reconvencionista Jait Méndez haciendo negocios como Don Jay's Car Wash, relacionado en el inciso 2 de la Reconvención, fue a un tercero que no es parte en la demanda y reconvención de epígrafe. *Íd.*
[16] JR Properties no anejó documentos a su solicitud.

En su *Oposición a Sentencia Sumaria [y] Solicitud de Remedio,* el Sr. Méndez arguyó que no procedía dictar sentencia sumaria a favor de JR Properties, sino que lo que procedía era desestimar la acción de desahucio por ésta haberse tornado académica. En su escrito, el Sr. Méndez reconoció como hechos incontrovertidos la titularidad de JR Properties sobre el terreno, que entre las partes no existe un contrato de arrendamiento escrito o verbal, que realizó los pagos del canon de arrendamiento a un tercero y el proceso judicial habido en el caso Q2024-30.

No obstante, el Sr. Méndez razonó que los actos realizados por JR Properties -de remover su equipo y materiales del predio- amparado en la orden provisional *ex parte* emitida el 2 de febrero de 2024 en el caso Q2024-30, ya había constituido un desahucio, que calificó de ilegal. Indicó que, el 29 de abril de 2024, el tribunal había ordenado el archivo de la querella del caso Q2024-30, tras concluir que el desalojo y el recogido de carpas no era un asunto para resolverse mediante un estado provisional de derecho. Amparado en dicho pronunciamiento, el Sr. Méndez sostuvo que, procedía que se declarara con lugar la reconvención y se le compensara por las pérdidas económicas sufridas por el cierre de su negocio de lavado de autos. En su escrito, el Sr. Méndez propuso seis (6) hechos incontrovertidos[17], pero no enumeró hechos en controversia.

---

[17] En particular, el Sr. Méndez indicó que no existía controversia en cuanto a los siguientes hechos: (1) la propiedad sita en la Carretera 100 Km. 3.6, en Cabo Rojo, Puerto Rico  00623, según los documentos presentados, le pertenece a la parte demandante; (2) en la propiedad antes mencionada, la parte demandada operó y/o trabajó su negocio de lavado de autos hasta el día 1 de febrero de 2024; (3) el 11 de enero de 2024, la parte [demandante] radicó una demanda de desahucio contra la parte demandada; (4) el día 2 de febrero de 2024, la parte demandante removió del inmueble antes mencionado los bienes pertenecientes a la parte demandada y utilizados en su negocio de lavado de autos; (5) el Honorable Tribunal, Sala Municipal de Cabo Rojo, dictó Resolución archivando la querella en el caso Q2024-30; (6) entre la parte demandante y la parte demandada no hay contrato de arrendamiento suscrito ni verbal; tampoco la parte demandada ha realizado pago por concepto de canon de arrendamiento a la parte demandante, habiéndose realizado los pagos a un tercero. Apéndice del recurso, págs. 88-90. El Sr. Méndez anejó a su oposición las resoluciones emitidas en el caso Q2024-30. *Véase,* expediente electrónico en el caso CB2024CV00015 en SUMAC, Entrada Núm. 74

Evaluada la moción de sentencia sumaria, la oposición y la prueba documental adjunta, el 2 de julio de 2024, notificada el 12 de julio de 2024, el TPI emitió la *Sentencia*[18] apelada.  En su dictamen, determinó probados los siguientes hechos:

1. La parte demandante es una Corporación organizada de conformidad con las leyes de Puerto Rico.

2. La parte demandante es dueña de una propiedad de terreno en el Barrio Guanajibo del término municipal de Cabo Rojo, Puerto Rico con una cabida de 2,298.321 metros cuadrados en la cual ubica un Garaje de Gasolina.

3. El demandado tenía establecido un negocio de lavado de carros en dicho Garaje de Gasolina.

4. Entre la parte demandante y la parte demandada no hay un contrato de arrendamiento suscrito.

5. Entre la parte demandante y la parte demandada no hay un contrato de arrendamiento verbal.

6. El demandado reconvencionista Jait Méndez no ha efectuado pago, por concepto de canon de arrendamiento, a la parte demandante.

7. El demandado reconvencionista Jait Méndez fue notificado de la Orden emitida por el Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo en el caso Q2024-30.

8. El canon de arrendamiento que alegadamente pagó el demandado reconvencionista Jait Méndez haciendo negocios como Don Jay's Car Wash, relacionado en el inciso 2 de la Reconvención, fue a un tercero que no es parte en la demanda de epígrafe.[19]

A su vez, basado en la admisión tácita del requerimiento cursado al Sr. Méndez, el TPI encontró probados los siguientes hechos:

1. Admita que entre la parte demandante y la parte demandada no hay un contrato de arrendamiento suscrito.

2. Admita que entre la parte demandante y la parte demandada no hay un contrato de arrendamiento verbal.

---

[18] *Apéndice del recurso*, págs. 1-10.
[19] *Íd.*, pág. 3.

3. Admita que el demandado reconvencionista Jait Méndez no ha efectuado pago, por concepto de canon de arrendamiento, a la parte demandante.

4. Admita que el demandado reconvencionista Jait Méndez fue notificado de la Orden emitida por el Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo, en el caso Q2020-30.

5. Admita que el canon de arrendamiento que alegadamente pago el demandado reconvencionista Jait Méndez haciendo negocios como Don Jay's Car Wash, relacionado en el inciso 2 de la Reconvención, fue a un tercero que no es parte en la demanda y reconvención de epígrafe.[20]

Así pues, tras esgrimir la norma jurídica aplicable a la sentencia sumaria y la Regla 33 de Procedimiento Civil, *infra,* el foro primario declaró con lugar la *Moción de Sentencia Sumaria* radicada por JR Properties y determinó que no existía controversias de hechos y de derecho con relación a la causa de acción presentada por ésta. En su consecuencia, ordenó el desahucio y lanzamiento del Sr. Méndez de la propiedad en controversia. Por otro lado, el TPI declaró *No Ha Lugar* la *Reconvención* sobre daños y perjuicios presentada por el Sr. Méndez.

El 29 de julio de 2024, el Sr. Méndez presentó una moción de reconsideración. Insistió en que procedía desestimar la acción de desahucio por academicidad –porque JR Properties había removido el equipo y materiales desde la orden provisional *ex parte* emitida el 2 de febrero de 2024 en el caso Q2024-30, constituyendo ello, en sí, una acción de desahucio- y ordenar la continuación de los procedimientos en cuanto a la reconvención en daños y perjuicios por el cierre de su negocio.

La moción de reconsideración del Sr. Méndez fue denegada por el TPI mediante *Resolución* y *Orden* emitida el 8 de agosto de 2024, y notificada el 9 de agosto de 2024.[21]

---

[20] *Íd.*, pág. 8.
[21] *Íd.*, págs. 31-32.

En desacuerdo, el Sr Méndez acude ante esta curia mediante escrito de *Apelación* presentado el 12 de septiembre de 2024. Imputó al TPI haber cometido los siguientes señalamientos de error:

1. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Cabo Rojo, al dictar sentencia sumaria y no archivar la acción de desahucio por ser académica.

2. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Cabo Rojo, al declarar No Ha Lugar la Moción de Reconsideración presentada por la Parte Apelante.

3. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Cabo Rojo, al declarar No Ha Lugar la Reconvención presentada por la Parte Apelante.

En síntesis, arguye el TPI incidió al dictar sentencia sumaria basado la admisión tácita del requerimiento. Sostiene que, previo a dictar sentencia, el foro primario debió, conforme le permite la Regla 34.2 de Procedimiento Civil, *infra,* dictar una orden para obligarlo a responder el requerimiento de admisiones. A su vez, reitera que el tribunal apelado debió desestimar la demanda por académica y declarar con lugar su reconvención.[22]

Por su parte, JR Properties, en su *Alegato de la parte apelada,* manifiesta que no era necesario agotar el procedimiento contemplado en la Regla 34.2 de Procedimiento Civil, *supra,* para compeler a la parte a descubrir lo solicitado, puesto que, la Regla 33 de Procedimiento Civil, *supra,* expresamente dispone que de no contestarse en el término dispuesto se entenderá admitido. Argumentó que conforme a las admisiones tácitas del Sr. Méndez no existía controversia en cuanto a que éste ocupaba el predio de manera ilegal, por lo que procedía decretar el desahucio mediante sentencia sumaria. En su alegato, JR Properties no fijó su postura

---

[22] El Sr. Méndez mencionó en su recurso que JR Properties incumplió con la Regla 65.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3(c) -al no acreditar ante TPI haber publicado el edicto de notificación de la sentencia apelada- pero éste no discute su planteamiento en el recurso, por lo que se entiende renunciado.

respecto a los señalamientos que cuestionan la denegatoria de la reconvención.

**II.**

**A.**

El mecanismo de sentencia sumaria, regulado por la Regla 36 de Procedimiento Civil[23] permite al tribunal disponer de un caso sin celebrar vista en su fondo.[24]

La Regla 36.1 de Procedimiento Civil[25], establece que una moción de sentencia sumaria debe estar fundada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes.[26] Por tanto, el Tribunal podrá dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas, si las hubiere, surge que no exista ninguna controversia real sobre los hechos materiales y esenciales del caso y solo resta por resolver una controversia de estricto derecho.[27]

En otro extremo, la sentencia sumaria resulta improcedente cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho, no proceda.[28]

---

[23] 32 LPRA Ap. V, R. 36.
[24] *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 334 (2021); *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020); *Abrams Rivera v. E.L.A.*, 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).
[25] 32 LPRA Ap. V, R. 36.1.
[26] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 335; *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018).
[27] 32 LPRA Ap. V, R. 36.3(e); *León Torres v. Rivera Lebrón,* supra; *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, supra, pág. 214; *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137-138 (2006).
[28] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 335-336; *Mejías et al. v. Carrasquillo et al.*, supra, pág. 299; *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714 (1986).

La parte promovida tiene el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria.[29] En este sentido, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. Dicha parte está obligada a controvertir la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud, ya que, de no hacerlo, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho.[30]

Sin embargo, el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si realmente existe una controversia sustancial sobre hechos esenciales y materiales.[31]

Asimismo, toda inferencia que se haga de los hechos incontrovertidos debe hacerse de la manera más favorable a la parte que se opone a la misma.[32] A tono con este principio, el Tribunal Supremo ha indicado que, "[a]l considerar la moción de sentencia sumaria se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente."[33]

En el caso de un foro apelativo, este debe utilizar los mismos criterios que el tribunal sentenciador al determinar si procede dictar sentencia sumaria, sin embargo: (1) sólo puede considerar los documentos que se presentaron ante el foro de primera instancia; y

---

[29] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 336; *León Torres v. Rivera Lebrón,* supra, pág. 44; *Ramos Pérez v. Univisión,* supra, pág. 215.
[30] *León Torres v. Rivera Lebrón,* supra, pág. 43.
[31] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 337.
[32] *Mejías et al. v. Carrasquillo et al.*, supra, pág. 300; *Corp. Presiding Bishop CJC of LDS v. Purcell,* supra, pág. 721.
[33] *Piñero v. A.A.A.*, 146 DPR 890, 904 (1998).

(2) sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta.[34]

Así pues, por estar en la misma posición que el foro primario al momento de revisar las solicitudes de sentencia sumaria, el Tribunal Supremo de Puerto Rico estableció un estándar específico, que, como foro apelativo, debemos utilizar. A tales efectos, en *Meléndez González, et al. v. M. Cuebas*[35], indicó que, de entrada, debemos revisar que tanto la moción de sentencia sumaria, así como su oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[36] Subsecuentemente, si existen hechos materiales controvertidos, "el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos".[37] Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí.[38]

Así pues, el mecanismo de sentencia sumaria es un remedio discrecional que procederá solo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, que no existen controversias sobre hechos materiales y esenciales, y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria.[39]

---

[34] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 337-338; *Const. José Carro v. Mun. Dorado,* 186 DPR 113, 129 (2012).
[35] 193 DPR 100 (2015).
[36] *Íd.,* pág. 118.
[37] *Íd.,* pág. 119.
[38] *Íd.*
[39] *Vera v. Dr. Bravo,* 161 DPR 308, 334 (2004). Véase, además, *González Santiago v. Baxter Healthcare,* 202 DPR 281, 290 (2019); *Pérez Vargas v. Office Depot,* 203 DPR 687, 699 (2019).

Hay que señalar que una sentencia sumaria, por constituir una decisión en los méritos es el precedente de cosa juzgada[40] cuando se opone entre partes debidamente relacionadas.[41] Por ello, se ha advertido que, antes de resolver una controversia por la vía sumaria, el juzgador habrá de discernir cuidadosamente al respecto, pues "mal utilizada, puede prestarse para despojar a un litigante de su 'día en corte', principio elemental del debido proceso de ley"[42].

De otra parte, el Tribunal Supremo ha señalado que no es aconsejable dictar sentencia sumaria en casos cuyas controversias versan esencialmente sobre asuntos de credibilidad o involucren aspectos subjetivos, como lo es la intención, los propósitos mentales o la negligencia.[43] Sin embargo, también se ha dicho que ello no impide la utilización del mecanismo de sentencia sumaria en las reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos que serán considerados en la solicitud de sentencia sumaria surja que no existe controversia en cuanto a los hechos materiales.[44]

**B.**

Los requerimientos de admisiones están regulados por la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33. Sobre el particular, la citada regla dispone en su inciso (a), segundo párrafo, en lo aquí pertinente, que:

> Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la

---

[40] El efecto de la aplicación de la doctrina de cosa juzgada es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Mun. de San Juan v. Bosque Real, S.E.,* 58 DPR 743, 769 (2003).

[41] *Vera v. Dr. Bravo,* supra, pág. 335.

[42] *González v. Alicea, Dir. Soc. Asist. Legal,* 132 DPR 638, 646-647 (1993).

[43] *Aponte Valentín et al. v. Pfizer Pharm.,* 208 DPR 263, 278 (2021).

[44] *Íd.*

admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. (...).

Al interpretar la Regla 33, *supra*, el Tribunal Supremo ha explicado que:

> ... Los requerimientos de admisiones cumplen una función importante en nuestro sistema adversativo, pues sirven como un instrumento sencillo y económico para delimitar las controversias del caso. (...). Así lo reconocimos en *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 D.P.R. 563 (1997), donde expresamos que la Regla 33 de Procedimiento Civil [...], que regula lo relativo al requerimiento de admisiones, persigue "aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". (...).

> A través de un requerimiento de admisiones una parte puede requerir a la otra que admita la veracidad de cualquier materia que esté dentro del alcance [del descubrimiento de prueba], respecto a cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, o que admita la autenticidad de cualquier documento que se acompañe con el requerimiento. (...). El efecto de dicha admisión es que releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido y de esta forma propicia que se acorte la audiencia y que no se incurra en gastos innecesarios. (...). Por lo tanto, la admisión de un requerimiento se considerará definitiva, salvo que el tribunal permita su retiro o una enmienda a ésta.

> La parte interpelada tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de 20 días. **Si ésta no cumple con este término, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas"**. (...). El requerido tiene un deber afirmativo de responder y de efectuar las gestiones necesarias para obtener la información para admitir o negar.[45]

De otra parte, la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, R. 34, regula lo relacionado a las controversias que puedan surgir en torno al descubrimiento, la negativa a descubrir lo solicitado y sus consecuencias. En específico, la Regla 34.1 provee el procedimiento que se utiliza para requerir del tribunal, mediante moción, que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado. La misma dispone que:

---

[45] *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171-172 (2007). (Énfasis nuestro; citas omitidas).

Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.

A su vez, la Regla 34.2 dispone, en lo pertinente, que:

Luego de que la parte promovente haya realizado con prontitud esfuerzos razonables y de buena fe con la parte adversa y ésta se niega a descubrir lo solicitado, la parte promovente de una moción bajo esta regla podrá requerir al tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado, según se dispone a continuación.

(a) *Moción.* -- Si un(a) deponente se niega a contestar alguna pregunta que le sea hecha o sometida según lo dispuesto en las Reglas 27 y 28 de este apéndice, o una corporación u organización deja de designar una persona según dispone la Regla 27.6 de este apéndice, o una parte deja de contestar cualquier interrogatorio que se le haya sometido bajo la Regla 30 de este apéndice, o si la parte en su contestación a una orden dictada bajo la Regla 31 de este apéndice deja de responder a la solicitud para efectuar una inspección o no permita efectuarla, la parte promovente podrá solicitar que se obligue a dicha parte a contestar o especificar lo solicitado, o que se dicte una orden para obligar a que se cumpla con la inspección solicitada. Cuando se tome la deposición de una persona mediante un examen oral, la parte proponente de la pregunta podrá completar el examen oral o suspenderlo, antes de solicitar la orden.

[...]

### III.

De acuerdo con la doctrina aplicable a la sentencia sumaria, como primer paso en nuestro análisis, nos corresponde evaluar si la moción de sentencia sumaria de JR Properties y la oposición del Sr. Méndez cumplieron con los requisitos de forma establecidos en la Regla 36 de Procedimiento Civil.

De una revisión de la *Moción de Sentencia Sumaria* presentada por JR Properties, concluimos que ésta cumplió con los requisitos que impone la Regla 36 de Procedimiento Civil, *supra,* pues expuso el asunto litigioso en controversia y propuso, debidamente

numerados, los hechos que a su entender no estaban en controversia.

Por su parte, en su *Oposición a Sentencia Sumaria [y] Solicitud de Remedio,* el Sr. Méndez admitió seis (6) de los siete (7) hechos propuestos por JR Properties. Sin embargo, a pesar de que el Sr. Méndez presentó objeciones al desahucio solicitado por JR Properties, los documentos que acompañó no controvirtieron los hechos propuestos en la moción de sentencia sumaria. El Sr. Méndez tenía el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicitaba la sentencia sumaria; empero, el Sr. Méndez no cumplió con su deber.

Nos corresponde, entonces, determinar si existían hechos en controversia que impidieran la adjudicación sumaria del caso, para luego revisar si el TPI aplicó correctamente el derecho a la controversia.

La controversia del presente caso gira en torno a determinar si el Sr. Méndez ocupa de manera ilegal un espacio dentro de la propiedad de JR Properties. En su requerimiento de admisiones, JR Properties solicitó que el Sr. Méndez admitiera que: (1) entre las partes no hay contrato de arrendamiento suscrito, (2) entre las partes no hay contrato de arrendamiento verbal, (3) el Sr. Méndez no ha efectuado pago, por concepto de canon de arrendamiento, a JR Properties, (4) el Sr. Méndez fue notificado de la Orden emitida por el Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo en el caso Q2020-30, y (5) el canon de arrendamiento que alegadamente pagó el Sr. Méndez, haciendo negocios como Don Jay's Car Wash, fue a un tercero que no es parte del pleito.

El Sr. Méndez no contestó el requerimiento de admisiones cursado por JR Properties. Por tanto, dichas admisiones fueron aceptadas tácitamente por el tribunal apelado, según lo permite la citada Regla 33 de Procedimiento Civil, *supra.* El Sr. Méndez no

solicitó el retiro o la enmienda de las referidas admisiones. Consecuentemente, estas fueron utilizadas por el JR Properties en su solicitud de sentencia sumaria para argumentar que no existía una controversia material y sustancial en cuanto a que el Sr. Méndez ocupaba un espacio dentro de la propiedad del demandante de forma ilegal.

Admitido que el Sr. Méndez ocupaba el espacio de la propiedad de manera ilegal, le correspondía a éste controvertirlo en su oposición a sentencia sumaria, pero no lo hizo. En su oposición, el Sr. Méndez se limitó a alegar que la acción de desahucio había advenido académica desde que JR Properties removió de la propiedad los materiales y equipo del negocio de lavado de autos. Sin embargo, nunca existió controversia sobre la aludida remoción de equipos y materiales, así como tampoco que ello fue un acto autorizado mediante la orden provisional *ex parte* del caso Q2024-30.

Así pues, en atención a que JR Properties demostró que no existe una controversia en cuanto a los hechos del presente caso, corresponde entonces revisar de *novo* si el TPI aplicó correctamente el derecho en este caso.

El procedimiento de desahucio tiene por finalidad recuperar la posesión de hecho de un bien inmueble a través del lanzamiento o expulsión del arrendatario o precarista que ostenta el disfrute de la propiedad sin pagar canon de arrendamiento o tener derecho alguno que le permita permanecer en la misma.[46]

En el presente caso, lo cierto es que JR Properties es dueño en pleno dominio de la finca y que no existía un contrato de arrendamiento entre las partes, que el Sr. Méndez no había efectuado pago alguno a JR Properties por concepto de canon de arrendamiento y que el canon presuntamente pagado por el

---

[46] *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 10 (2016).

Sr. Méndez fue hecho a un tercero ajeno al pleito. Así pues, al aplicar los hechos al derecho aplicable, también resulta forzoso concluir que la determinación del foro primario de ordenar el desahucio del Sr. Méndez fue correcta.

Contrario a lo argüido por el Sr. Méndez, las controversias surgidas con los requerimientos de admisiones deben ser resueltas conforme con las disposiciones de esta Regla 33, y no de la Regla 34.1 sobre disputas en torno al descubrimiento de prueba. Ello puesto que el requerimiento de admisiones no constituye un instrumento para descubrir prueba. Conforme la norma jurídica citada, su función es más bien definir y limitar la controversia desde el punto de vista del proponente, logrando admisiones que pueden usualmente evadirse al contestar las alegaciones o interrogatorios o las preguntas formuladas en el curso de una deposición.

Por otro lado, el hecho de que posterior a la remoción del equipo el tribunal ordenara el archivo de la querella del caso Q2024-30 no convirtió en académica la acción desahucio del presente caso. El caso Q2024-30 solamente fijó un estado provisional de derecho que fue obligatorio entre las partes hasta que se ventilara el asunto en el curso ordinario de la ley.

Finalmente, en la medida que la reclamación de daños en la reconvención surge como resultado de la acción principal, la misma no procedía y, en la medida que dicha reclamación se refiriese a la retención por la parte demandante de "equipo y materiales", se trata de un asunto que no está "íntimamente" relacionado con lo alegado por la parte demandante, por lo que ello no podía dilucidarse como parte del trámite sumario de referencia. *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 748 (1987).

**IV.**

Por los fundamentos que anteceden, se confirma la sentencia apelada.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del

Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones